liver the freight at Rio, and the value of the articles at the port of delivery is the proper rule of damages. Exception overruled.

[NOTE. The claimants then appealed to the circuit court where the decree was affirmed in an opinion by Mr. Justice Nelson. Case No. 5,814. A further appeal to the supreme court was then taken by the claimants, and the decree of the circuit court affirmed in an opinion by Mr. Justice Campbell, who held that the measure of damages adopted was correct. 22 How. (63 U. S.) 491.]

## Case No. 5,790.

### GREENWAY v. ROBERTS et al.

### [2 Cranch, C. C. 246.] [1]

Circuit Court, District of Columbia, May Term, 1821. -

EXECUTORS AND ADMINISTRATORS — REAL ESTATE —DUTY OF PURCHASER TO SEE TO APPLICATION OF PURCHASE MONEY.

A purchaser under a power given by will to the executor to sell real estate for payment of debts, is not bound to see that the purchase-money is properly distributed among the creditors of the testator.

Bill in equity. William Bushby, by his will devised as follows: "It is my desire that, for the discharge of whatever debts I may owe, that my wife shall sell any part or parts of my real estate to pay and satisfy the same, or to make use of for any purposes which she may judge to be profitable to herself and children." The defendant, [Jonathan] Roberts, purchased a part of the real estate under this power to the executrix; and the plaintiff [Greenway's administrator], contended that the defendant, Roberts, was bound to see that the purchase-money was properly distributed among the creditors, especially as to debts due by judgment.

But THE COURT (THRUSTON, Circuit Judge, absent) decided that he was not so bound. Bill dismissed as to the defendant, Roberts.

## Case No. 5,791.

### GREENWELL v. BOTELOR.

### [3 Cranch, C. C. 7.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

REPLEVIN.

In replevin, the court will, on motion, order a return of the property to the defendant, a constable, who has taken it in execution upon a judgment against a third person, unless it shall appear to the court that the possession was obtained by the defendant forcibly or fraudulently, or that the possession first being in the plaintiff, was obtained by the defendant without proper authority or right derived from the plaintiff.

[This was an action at law by John Greenwell against Charles W. Botelor.]

Motion for a return of the property to the defendant, who was a constable, and had

taken the goods as the property of one Joseph W. Greenwell, under a fieri facias, upon a judgment against him.

THE COURT (MORSELL, Circuit Judge, contra) ordered the property to be returned to the defendant, being satisfied by evidence that the property, at the time of the defendant's taking it, belonged to the said Joseph W. Greenwell, and not to the plaintiff, and that the possession was not first in the plaintiff, and was not obtained by the defendant forcibly or fraudulently. See Act Md. 1785, c. 80, § 14.

MORSELL, Circuit Judge, thought that the act of assembly of Maryland was intended only to aid the real owner of the goods, and not an officer serving an execution.

---

GREENWICH, The (SCOTT v.). See Case No. 12,531.

GREENWOOD (ALLEN v.). See Case No. 222.

GREENWOOD (HOTCHKISS v.). See Case No. 6,718.

---

## Case No. 5,792.

### GREENWOOD et al. v. RECTOR.

### [Hempst. 708.] [1]

Circuit Court, D. Arkansas. April, 1855.

FEDERAL AND STATE COURTS—JURISDICTION FIRST ATTACHING.

1. After the institution of a suit in this court against a defendant, a garnishment subsequently sued out against him in a state court cannot affect it, nor be plead as a defence to the action.

[Cited in Bates v. Days, 11 Fed. 532.]

2. If jurisdiction has once attached, it cannot be divested or impaired by matter occurring subsequently.

[See note at end of case.]

Assumpsit on a bill of exchange. The defendant [Henry M. Rector] plead that since the institution of this suit, a writ of garnishment had been sued out of the Pulaski circuit court of the state of Arkansas and served on him, in respect to the same debt mentioned in the declaration, which was still pending, and prayed to be discharged from this suit; to which plea the plaintiffs [Moses Greenwood and Thomas E. Adams] demurred, on the ground that this suit having been just commenced in this court could not be defeated by any subsequent proceeding in a state court.

S. H. Hempstead, for plaintiffs.
Henry M. Rector, in proper person.

Before DANIEL, Circuit Justice, and RINGO, District Judge.

DANIEL, Circuit Justice. It would certainly be an extraordinary procedure if an action in this court could be defeated by a subsequent proceeding in a state court. Such